ELECTRONICALLY FILED - 2023 Feb 03 4:58 PM - CHARLESTON - COMMON PLEAS - CASE#2023CP1000577

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) <br> COUNTY OF CHARLESTON ) <br> ) <br> ) <br> DAMIEN KINLOCH, ) <br> ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> CITY OF NORTH CHARLESTON; SASHA ) <br> MURRAY; JOSE TORRES ) <br> ) <br> Defendants. ) | THE COURT OF COMMON PLEAS <br> 2023-CP-10- <br> <br> <br> <br> <br> **SUMMONS** |

YOU ARE HEREBY SUMMONED AND REQUIRED to answer the Complaint in the above-entitled action, a copy of which is served upon you, and to serve a copy of your Answer upon the attorney at their office located at 50 Folly Road Boulevard in Charleston, South Carolina 29407 within thirty (30) days after the date of such service, exclusive of the day of service; and if you fail to answer the Complaint within that time, judgment by default will be rendered against you for the relief demanded in the Complaint.

ALLEN LAW FIRM

__s/Julian Allen_____
Julian K. Allen
50 Folly Road Boulevard
Charleston, SC 29407
T: 843.882.5005
F: 843.284.3908
julian@allenlawsc.com

- - and - -

ELECTRONICALLY FILED - 2023 Feb 03 4:58 PM - CHARLESTON - COMMON PLEAS - CASE#2023CP1000577

NAUCK AND KERR LAW FIRM

__s/James Nauck_____
James R. Nauck
7301 Rivers Ave. Ste. 273
North Charleston, SC 29406
T: 854.999.1193
F: 888.679.1296
james@nksclaw.com

February 3, 2023                    **ATTORNEYS FOR PLAINTIFF**

ELECTRONICALLY FILED - 2023 Feb 03 4:58 PM - CHARLESTON - COMMON PLEAS - CASE#2023CP1000577

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) <br> COUNTY OF CHARLESTON ) <br> ) <br> ) <br> DAMIEN KINLOCH, ) <br> ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> CITY OF NORTH CHARLESTON; ) <br> OFFICER SASHA MURRAY; CORPORAL ) <br> JOSE TORRES ) <br> ) <br> Defendant. ) | THE COURT OF COMMON PLEAS <br> 2023-CP-10- <br><br><br><br> **COMPLAINT** |

Plaintiff respectfully alleges the following:

### PARTIES AND JURISDICTION

1. Plaintiff is a citizen and resident of South Carolina.

2. Defendant Sasha Murray was at all times acting under color of law and in the course and scope of her duties as employee, agents, officers, and/or representative of the North Charleston Police Department. She is believed to be a citizen and resident of Charleston County, South Carolina. She is being sued in her individual capacity for compensatory and punitive damages.

3. Defendant Jose Torres was at all times acting under color of law and in the course and scope of his duties as employee, agents, officers, and/or representative of the North Charleston Police Department. He is believed to be a citizen and resident of Charleston County, South Carolina. He is being sued in his individual capacity for compensatory and punitive

damages.

4. The City of North Charleston is a political subdivision, municipality, and/or governmental entity within the State of South Carolina.

5. The North Charleston Police Department is a part of the City of North Charleston.

6. The City of North Charleston is being sued pursuant to the South Carolina Tort Claims Act. S.C. Code Ann. § 15-78-10, et seq. Plaintiff alleges that the City of North Charleston is vicariously liable for the acts and omissions of its employees for the negligence, gross negligence, recklessness and other liability forming conduct that caused harm to the Plaintiff.

7. Upon information and belief, the City of North Charleston had the right and power to direct and/or control the manner in which its employees executed their duties.

8. The City of North Charleston had the responsibility for making policy, managing, training, and operating the North Charleston Police Department and its officers.

9. The Court has jurisdiction over the subject matter and the parties.

10. Plaintiff invokes this Court's concurrent jurisdiction to hear claims under the Fourth and Fourteenth Amendments of the U.S. Constitution and brought pursuant to 42 U.S.C. §§ 1983 and 1988 against the individual Defendants.

11. This Court has personal and subject matter jurisdiction to hear these claims.

12. Venue is appropriate in the Charleston County Court of Common Pleas.

**FACTS**

13. On or about April 11, 2021, at approximately 5:30 pm., Defendants approached the Plaintiff on Tanger Center Boulevard in North Charleston, South Carolina (Charleston County, South Carolina).

ELECTRONICALLY FILED - 2023 Feb 03 4:58 PM - CHARLESTON - COMMON PLEAS - CASE#2023CP1000577

14. Defendants conducted a pat down of the Plaintiff. No weapons were found, and Defendants took possession of Plaintiff's wallet, which included his identification.

15. At that moment, the Plaintiff posed no risk of harm to the officers or the public.

16. At that moment, the Defendants knew of Plaintiff's identity.

17. The Defendants attempted to detain and arrest the Plaintiff.

18. As the Plaintiff was walking backward, the Defendants shot their Tasers at the Plaintiff.

19. Defendants' use of their Taser was intentional.

20. The Plaintiff is approximately 6'8" tall.

21. Upon being hit with the Taser charge, the Plaintiff became incapacitated and fell backward landing on his head, causing serious injuries.

22. Defendants' actions violated Plaintiff's constitutional rights and the City of North Charleston's policies and procedures.

23. The City of North Charleston did nothing to further investigate this wrongdoing, did nothing to punish or to correct the improper behavior of the Defendant officers.

24. As a policy maker, the City of North Charleston was indifferent with respect to the failure to train, supervise, correct, and/or educate its officers in important types of training such as use of force and Taser.

25. The City of North Charleston allowed, condoned, encouraged, were deliberately indifferent, acted improperly and unconstitutionally with respect to the improper actions of its officers.

26. The Defendants' conduct was contrary to generally accepted, reasonable law enforcement procedures, training and tactics and caused damage to the Plaintiff.

ELECTRONICALLY FILED - 2023 Feb 03 4:58 PM - CHARLESTON - COMMON PLEAS - CASE#2023CP1000577

ELECTRONICALLY FILED - 2023 Feb 03 4:58 PM - CHARLESTON - COMMON PLEAS - CASE#2023CP1000577

27. The acts and omissions by the Defendants were the direct and proximate cause of Plaintiff's injuries, damage, and losses, including but not limited to: pain/suffering, medical bills, and other noneconomic damages.

**FOR A FIRST CAUSE OF ACTION**
**(42 U.S.C. § 1983 Improper Seizure, Excessive Force and Due Process as to Murphy and Torres)**

28. Plaintiff realleges all previous paragraphs as if fully stated herein.

29. By the acts and omissions described above, the Defendants violated 42 U.S.C §1983, depriving Plaintiff of clearly established constitutional rights protected by the Fourth and Fourteenth Amendments of the U.S. Constitution:

   a. Right to be free from unreasonable searches and seizures as secured by the Fourth and Fourteenth Amendments;

   b. Right to be free from excessive and unreasonable force in the course of search or seizure as secured by the Fourth and Fourteenth Amendments;

   c. Right to be free from the use of unlawful force as secured by the Fourth and Fourteenth Amendments;

   d. Right to be free from deprivation of life and liberty without substantive due process and from state created/enhanced danger as secured by the Fourteenth Amendment;

   e. And in such other particulars as may be learned through discovery.

30. As a direct and proximate result of the Defendants' acts and/or omissions, Plaintiff suffered injuries and other damages as set forth in the Complaint.

31. The conduct of the Defendants in their individual capacity, entitles Plaintiff to punitive damages and penalties under 42 U.S.C. §§ 1983 and South Carolina law.

ELECTRONICALLY FILED - 2023 Feb 03 4:58 PM - CHARLESTON - COMMON PLEAS - CASE#2023CP1000577

32. Plaintiff is also entitled to attorneys' fees and costs under 42 U.S.C. § 1988 and applicable South Carolina law.

**FOR A SECOND CAUSE OF ACTION**
**(Negligence and Gross Negligence under Tort Claims Act**
**as to City of North Charleston)**

33. Plaintiff realleges all previous paragraphs as if fully stated herein.

34. The Defendant officers did not use sufficient care to know and realize that Plaintiff posed no threat of severe bodily injury or death.

35. The Defendant officers had a duty to properly and accurately assess the situation before using their Taser.

36. The Defendant officers received insufficient training on use of Taser.

37. The Defendants departed from the duties of care required by law enforcement officers and the agencies that hire, train, employ, and supervise those officers and were thereby negligent, careless, grossly negligent, reckless, and acted in violation of the duties owed to Plaintiff in that they committed one or more of the following acts, any or all of which were departures from the prevailing duties of care:

    a. In failing to ensure the safety of the Plaintiff;

    b. In failing to appreciate the fact that Plaintiff did not pose a threat of danger to Defendants or public;

    c. In failing to adhere to proper law enforcement procedures;

    d. In failing to use lesser forms of force when attempting to effectuate a detainment and arrest;

    e. In failing to use discretion before, during and after interaction with Plaintiff;

ELECTRONICALLY FILED - 2023 Feb 03 4:58 PM - CHARLESTON - COMMON PLEAS - CASE#2023CP1000577

    f. In failing to have in place proper and adequate policies, procedures, and protocols for law enforcement officers to apprehend or detain a suspect and training of officers or, if such polices, procedures, and protocols were in place, in failing to use due care to enforce them;

    g. In such other particulars as may be ascertained through discovery.

38. As a direct and proximate result of the negligence, carelessness, and gross negligence by Defendants, Plaintiff suffered injury and is entitled to damages.

WHEREFORE, Plaintiff respectfully requests judgment against Defendant City of North Charleston for actual damages and against Defendants Murray and Torres for all actual damages and punitive damages in an amount to be determined by a jury at the trial of this action, as well as attorneys' fees and costs pursuant to 42 U.S.C. §§ 1983 and 1988 and for such other relief as this Court deems fit.

    ALLEN LAW FIRM

    __s/Julian Allen_____
    Julian K. Allen
    50 Folly Road Boulevard
    Charleston, SC 29407
    T: 843.882.5005
    F: 843.284.3908
    julian@allenlawsc.com

    - - and - -

ELECTRONICALLY FILED - 2023 Feb 03 4:58 PM - CHARLESTON - COMMON PLEAS - CASE#2023CP1000577

NAUCK AND KERR LAW FIRM

__*s/James Nauck*_____
James R. Nauck
7301 Rivers Ave. Ste. 273
North Charleston, SC 29406
T: 854.999.1193
F: 888.679.1296
james@nksclaw.com

February 3, 2023                **ATTORNEYS FOR PLAINTIFF**

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) <br> COUNTY OF CHARLESTON ) <br> ) <br> ) <br> DAMIEN KINLOCH, ) <br> ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> CITY OF NORTH CHARLESTON; SASHA ) <br> MURRAY; JOSE TORRES ) <br> ) <br> Defendants. ) | THE COURT OF COMMON PLEAS <br> 2023-CP-10-00577 <br><br><br><br> **ACCEPTANCE OF SERVICE** |

I, Frances Austin, hereby accept service of the Summons and Complaint, along with Plaintiff's Interrogatories and Requests for Production, in the above-captioned action, on behalf of the City of North Charleston.

*Frances Austin*
Frances Austin, Esquire

This 7th day of February, 2023

N. Charleston, South Carolina

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | THE COURT OF COMMON PLEAS |
| COUNTY OF CHARLESTON ) | 2023-CP-10-00577 |

DAMIEN KINLOCH,

       Plaintiff,  **ACCEPTANCE OF SERVICE**

vs.

CITY OF NORTH CHARLESTON; SASHA MURRAY; JOSE TORRES

       Defendants.

  I, Robin Jackson, hereby accept service of the Summons and Complaint, along with Plaintiff's Interrogatories and Requests for Production, in the above-captioned action, on behalf of Sasha Murray and Jose Torres.

                 _____
                 Robin Jackson, Esquire

This 16th day of February, 2023

Charleston, South Carolina